1

2

3

4                       UNITED STATES DISTRICT COURT

5                            DISTRICT OF NEVADA

6                                  * * *

7   LUIS ARMANDO BENITO, RAYMOND )
    BISSAILLON, BEOP CHUON,            )           2:09-CV-001218-PMP-PAL
8   NORMAN TATE, CAROLS PADILLA        )
    VELASCO, ELENA WOODARD, STEVE)
9   AYRES, JAMES BAILEY, CESAR         )
    COVELLI SR., VALERIE DUNLAP,       )           **ORDER**
10  PERRY ESCOBAR, FIROUZEH            )
    FOROUZMAND, MARLEN GARCIA,         )
11  ANTOINETTE GILL, ROBERT            )
    GRIEBEL, DORINE HORVATH, LUCH )
12  LOU, MATTHEW MOORE, MARIA          )
    PARRA, MARK SANDERS, ANTHONY )
13  SUGGS, AND MICHAEL ZANG.           )
                                       )
14            Plaintiffs,              )
                                       )
15  v.                                 )
                                       )
16  INDYMAC MORTGAGE SERVICES, a )
    Division of ONEWEST BANK, FSB,     )
17                                     )
                                       )
18            Defendants.              )
    _____)

19

20            On May 18, 2010, the Court conducted a hearing regarding Plaintiffs' fully

21  briefed Motion for Class Certification (Doc. #16).

22            By this motion, Plaintiffs seek to certify four proposed classes for injunctive and

23  declaratory relief pursuant to Rule 23(a)(b)(2) of the Federal Rules of Civil Procedure.

24  Proposed Class A consist of all persons in Nevada who signed a written loan contract with

25  Indymac Bank FSB "Indymac" on or after 2003 for which the lender knowingly made loans

26  without first determining the borrower had the ability to repay.  Proposed Subclass A,

consist of persons in Nevada who signed a written loan contract with Indymac on or after 2003 through 2007, wherein Defendant OneWest, as successor to Indymac, knowingly made loans by virtue of the presumed equity in the property, without first determining that a borrower had the ability to repay the loans, in violation of NRS § 598D.100. Proposed Subclass B consist of all persons in Nevada who signed a written loan contract with Indymac on or after 2007 wherein OneWest, as successor to Indymac, knowingly made an unlawful home loan without using any commercially reasonable means to determine the borrower had the ability to repay the home loan, in violation of NRS § 598D.100.  Proposed Subclass C consists of all OneWest customers who have been sued by OneWest whereby it sought wrongful foreclosure and/or wrongful eviction, by utilizing the laws and judicial system of the State of Nevada in violation of NRS § 80.55.

Plaintiffs' Amended Complaint (Doc. #14) alleges nine separate claims for relief. Essentially, Plaintiffs' claims revolve around the allegation that they had adjustable rate mortgages (ARM) with Indymac, and that when their ARM's came due, their mortgage payments doubled.  Plaintiffs contend Indymac failed to inform Plaintiffs their mortgage payments could increase to such a degree.  Plaintiffs also allege that when they sought financial assistance from OneWest, OneWest refused to negotiate and began foreclosing on Plaintiffs' properties even though OneWest is not registered to do business in Nevada and has no registered agent in Nevada.  The parties have agreed that, at least until the motion for class certification now before the Court is decided, OneWest will not initiate foreclosure proceedings against any named or potential Plaintiff with properties located in Nevada, so as to avoid constant amendment of Plaintiffs' Complaint.

///

///

///

///

# I.  CLASS CERTIFICATION

The Court may certify a class under Federal Rule of Civil Procedure 23(a) only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to these requirements, a plaintiff also must show it has satisfied at least one of the three conditions in Rule 23(b).  Here, Plaintiffs rely only upon Rule 23(b)(2), which requires a party seeking certification to show the party opposing the class has acted or refused to act on grounds generally applicable to the class thus making appropriate injunctive or declaratory relief with respect to the class as a whole.  The party seeking certification bears the burden of showing requirements of Rule 23 are satisfied.  Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1176 (9th Cir. 2007).

## A.  Class Definition

Although not technically a Rule 23 requirement, definition of the class is a key consideration at the certification stage.  Rule 23(c)(1)(B) requires an order certifying a class action to "define the class and the class claims, issues, or defenses."  Defining the class is "of critical importance because it identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled under Rule 23(c)(2) to the 'best notice practicable' in a Rule 23(b)(3) action.  The definition must be precise, objective, and presently ascertainable."  Ann. Manual For Complex Litig., § 21.222.  Generally, it is inappropriate to define a class in such a way that class membership cannot be identified until the merits are resolved.  See Ann. Manual For Complex Litig., § 21.222; Hagen v. City of Winnemucca, 108 F.R.D. 61, 63-64 (D. Nev. 1985).  "An identifiable class exists if its members can be ascertained by reference to objective criteria."  Ann. Manual For Complex Litig., § 21.222.

/ / /

OneWest argues the class is not readily identifiable because, as defined, each class would require a finding that OneWest violated Nevada law by knowingly making the loan without determining the borrower had the ability to repay.  Thus, the class member in Class A and Subclasses A and B would not be identifiable until after a trial on the merits.  As to Subclass C, OneWest argues that class likewise is identifiable only after trial because it states the foreclosures were "wrongful," which is a merits question.

Essentially, Plaintiffs defend this point only as to Subclass C.  Plaintiffs respond that a class is readily identifiable because one would only have to conduct a search of pending cases in Nevada state court in which OneWest is seeking to foreclose to identify class members.  Plaintiffs argue that because OneWest is not registered to do business in Nevada and has no registered agent here, it is not entitled to use the Nevada judicial system to foreclose on any property in the state.  Thus, any foreclosure by OneWest in the state would be wrongful regardless of whether the borrower is in default.

OneWest does not respond to this argument about not being registered to do business in Nevada, and thus not qualified to use the Nevada judicial system to foreclose or evict.  Proposed Subclass C would be a readily ascertainable class, as it would be identifiable by the objective criteria of any attempt by OneWest to use the Nevada judicial system to foreclose or evict.  Unlike proposed Class A and Subclass A and B, it would not require any inquiry into the merits of each case prior to defining the class because Plaintiffs contend OneWest is ineligible to use the Nevada judicial system by virtue of OneWest's status, or lack thereof, not because of anything unique to any particular borrower.  Thus the Court finds proposed Subclass C is a readily ascertainable class.

However, Plaintiffs do not sufficiently identify an ascertainable class for the other proposed subclasses.  Plaintiffs appear to suggest that the mere fact of being a borrower on an Indymac loan would suffice.  However, that is not how the proposed classes are defined.  Identification of a class member for Class A, Subclass A, and Subclass B

would require a finding on the merits that OneWest (via its predecessor Indymac) knowingly made loans without first determining the borrower had the ability to repay. A determination of who falls into that class could not be made without a merits determination first, particularly as to the "knowingly" requirement. Consequently, there is no readily ascertainable class for Class A, Subclass A, or Subclass B, and class certification for these classes must be denied. As discussed below, the same problem exists for other parts of the class certification analysis for proposed class A and Subclasses A and B.

### B. Rule 23(a)

#### 1. Numerosity

Rule 23(a)'s "numerosity" requirement is met where the party seeking certification shows the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class.'" Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964) (quoting Advertising Specialty Nat'l Ass'n v. FTC, 238 F.2d 108, 119 (1st Cir. 1956)).

OneWest concedes it has many loans in Nevada, but argues there has been no showing on this prong and that Plaintiffs have not been acting like this is a class action, instead joining plaintiffs as they go along. Plaintiffs respond that they have done so because that is what the parties agreed to do to avoid multiple amendments to add parties. The Court finds Plaintiffs' have met the "numerosity" requirement.

#### 2. Commonality

Rule 23(a)'s second requirement is that common questions of fact or law exist. The class need not share in common all questions of fact and law. Dukes, 509 F.3d at 1177. Rather, common legal issues with divergent facts or common facts with disparate legal remedies may satisfy the commonality requirement. Id. "The commonality test is qualitative rather than quantitative - one significant issue common to the class may be

1   sufficient to warrant certification." Id.  The Ninth Circuit construes the commonality

2   requirement "permissively."  Staton v. Boeing Co., 327 F.3d 938, 953 (9th Cir. 2003).

3          Plaintiffs argue common questions of law and fact exist, including whether the loan

4   agreements comply with Nevada law, whether Indymac knowingly made loans without

5   determining the borrower's ability to repay, whether OneWest has refused to negotiate

6   modifications, whether OneWest has used the Nevada law to evict people in violation of Nevada

7   law, and the class seeks common injunctive relief.  OneWest argues there is no commonality

8   because each loan would have to be examined to determine whether Indymac knowingly

9   made the loan without determining the borrower's ability to repay.

10          The court finds commonality is lacking for Class A and Subclasses A and B.

11   Even if Plaintiffs could show Indymac used a standard loan form and they have presented

12   no such evidence, a standard form does not establish that in each case Indymac knowingly

13   made the loan without determining the borrower's ability to repay.  That would require an

14   individualized determination in each case.  Likewise, there is no common question as to

15   OneWest's alleged refusal to negotiate modifications.  OneWest has presented evidence that

16   Plaintiffs have had somewhat different experiences in relation to modification.  Some have

17   applied and been denied, some have been offered a modification which they rejected, one

18   accepted the modification, and others never even requested a modification.

19          However, members of Subclass C would share a common question of law as to

20   whether OneWest wrongfully foreclosed using Nevada's judicial procedures when it was

21   not registered to do business in the state nor had a registered agent here.  Whether OneWest

22   could resort to the judicial system given its status is a question common to all members of

23   the class regardless of their individual circumstances, so long as OneWest initiated

24   foreclosure and/or eviction proceedings in Nevada state court against them.

25   / / /

26   / / /

### 3.  Typicality

In assessing whether a proposed class representative's claims are typical, the Court must consider whether the injury allegedly suffered by the named plaintiffs and the rest of the class resulted from the same alleged conduct of the defendant.  Dukes, 509 F.3d at 1184.  A class representative's claims need not be substantially identical to other members' claims.  Id.  Rather, typicality is satisfied if the named plaintiff's claims are "reasonably coextensive with those of absent class members . . . ."  Id. (quotation omitted). Minor differences in the nature of the specific injuries class members suffered do not defeat typicality.  Armstrong v. Davis, 275 F.3d 849, 868-69 (9th Cir. 2001).

Plaintiffs contend the class representatives' claims are typical of the class because they rest on similar legal arguments and each class member signed written boilerplate loan agreements pursuant to which Indymac made loans without determining whether the borrowers had the ability to repay.  Plaintiffs also argue Benito's claim is typical of the class because OneWest used the Nevada judicial system to evict him without first registering to do business in the State.

OneWest argues that discovery conducted thus far shows none of the five named Plaintiffs deposed by OneWest during certification discovery falls within any of the proposed classes.  OneWest argues that because it did not originate any of the loans, it cannot be liable to Class A or Subclasses A and B.  Additionally, OneWest argues none of the five Class representatives are members of Subclass C because their properties have not been foreclosed and they have not been evicted.

OneWest is correct that no class can be certified under Class A or Subclasses A or B because OneWest did not originate any of the loans, and it did not assume any liabilities arising from Indymac's alleged failure to determine a borrower's ability to repay. Moreover, the named Class representatives' claims are not typical of the class even if one could be constituted because it would require individual determinations on each loan as to

whether Indymac made the loan knowing the borrower lacked the ability to repay. Although Plaintiffs allege boilerplate loan documents were used in all cases, discovery has demonstrated this is not accurate.  Indeed, not all loans for named Plaintiffs even originated with Indymac thus the record does not establish Indymac used a boilerplate document knowing the borrower on any particular loan could not repay.

However, a class can be certified under Subclass C because that class is directed at activities undertaken by OneWest after having taken over the loans.  OneWest argues there is no named Plaintiff who is in foreclosure or eviction proceedings.  It is undisputed that named Plaintiff Benito was foreclosed upon and evicted, however because the actions are complete as to him, he's not entitled to injunctive relief, which is the only type of class Plaintiffs attempt to assert right now.  However, OneWest has indicated in its papers that the only thing stopping it from commencing foreclosures on the other named Plaintiffs is the stipulation of the parties that OneWest would not do so pending decision on the instant Motion for Class Certification   Several of the named Plaintiffs are in default on their loans and thus, but for the stipulation, would face foreclosure proceedings or the imminent threat of foreclosure.  OneWest has indicated that once this Court makes its ruling on class certification, it is free to start foreclosing on any Plaintiff in default on a loan.  The Court finds the typically requirement is met as to proposed Subclass C.

### 4.  Adequate Representation

A plaintiff shows he or she adequately will represent the class by demonstrating the proposed class representative has no conflicts of interest with the proposed class. Dukes, 509 F.3d at 1185.  In addition to showing the named representatives have no conflict with the class, the plaintiff must show class counsel is qualified and competent.  Dukes, 509 F.3d at 1185.

Plaintiffs argue the Class representatives adequately represent the class because Benito entered into a loan with Indymac, and Indymac made the loan by virtue of the

presumed equity in the property without determining Benito had the ability repay. OneWest resorted to Nevada's judicial system to evict Benito from the property. Plaintiffs further contend their counsel are qualified, experienced, and able to conduct the litigation and there are no conflicts of interest between Benito, the other named Plaintiffs, and the putative class.

OneWest argues that Plaintiffs' counsel is not adequate because OneWest wanted to conduct stacked depositions (more than one deposition occurring at a single time) but Plaintiffs' counsel refused, saying they lacked the staff to do so. OneWest thus contends Plaintiffs' counsel lacks resources to conduct this case as a class action. As for the class representatives, OneWest contends Benito is not an appropriate representative because he lied on his loan application and he is employed by Plaintiffs' counsel. OneWest also argues that because the various named Plaintiffs are in different stages of the process, they may have different and possibly conflicting interests.

The Court rejects OneWest's argument that Plaintiffs' counsel's refusal to engage in stacked depositions warrants a finding that Plaintiffs' counsel is inadequate. The Court finds Plaintiffs' counsel are indeed qualified and experienced, and adequate to represent the proposed Plaintiffs' classes.

As for adequacy of the class representatives, as discussed above there is no adequate representative for any class except Subclass C. OneWest challenges Benito's status as an adequate representative for Subclass C because he lied on his loan application about his income, and thus there would be an individual defense against him not applicable to the class. That would not affect his status as a representative of Subclass C. The only issue in Subclass C is whether OneWest has a right to use the Nevada judicial system to foreclose or evict when it is not registered here. Whether Benito lied on his loan application will have no direct bearing on that question. OneWest argues Benito is not an adequate class representative because he works for Plaintiffs' counsel. Plaintiffs' counsel

denies Benito works for them.  Regardless, because Benito already has been foreclosed upon and evicted, he would not have standing to seek injunctive relief as a representative of Subclass C.  Nevertheless, the other named Plaintiffs face imminent threat of foreclosure and/or eviction proceedings once the stipulation in this case is lifted.  OneWest has indicated it will foreclose upon borrowers in default once the stipulation is lifted, which will occur upon this Court's ruling on the class certification motion.  Several of the named Plaintiffs are in default and thus would be subject to foreclosure proceedings.  Such Plaintiffs' adequately represent the interest of Subclass C.

In sum, class certification must be denied under Rule 23(a) for Class A and Subclasses A and B for lack of an ascertainable class, lack of commonality, lack of typicality, and lack of an adequate representative.  However, the Court finds Subclass C is certifiable under Rule 23(a).

**B.  Rule 23(b)**

In addition to satisfying Rule 23(a), a plaintiff also must show at least one of the Rule 23(b) categories applies.  Plaintiffs seek to certify only under Rule 23(b)(2).  Rule 23(b)(2) provides for class certification where the party opposing the class has acted or refused to act on grounds generally applicable to the class thus making appropriate injunctive or declaratory relief with respect to the class as a whole.  "Rule 23(b)(2) certification is not appropriate where monetary relief is 'predominant' over injunctive relief or declaratory relief."  Dukes v. Wal-Mart Stores, Inc., --- F.3d ----, 2010 WL 1644259, *36 (9th Cir. 2010).  Whether monetary relief predominates is a case-by-case inquiry.  Id.  The Court must consider "the objective 'effect of the relief sought' on the litigation," including "whether the monetary relief sought determines the key procedures that will be used, whether it introduces new and significant legal and factual issues, whether it requires individualized hearings, and whether its size and nature-as measured by recovery per class member-raise particular due process and manageability concerns would all be relevant."  Id.  None of these factors is determinative.  Id.

Plaintiffs argue Indymac/OneWest have acted in a similar manner to all members of the class by engaging in predatory lending practices and then used the Nevada legal system to evict without complying with Nevada law.  OneWest argues that Plaintiffs have failed to show OneWest acted or refused to act on grounds generally applicable to the class because OneWest did not originate any of the loans at issue.  Additionally, OneWest argues that the allegations that OneWest made each loan knowing the borrower could not repay, that Indymac misrepresented the loans' terms, or that OneWest wrongfully foreclosed cannot be demonstrated on a class wide basis, as each would involve individualized inquiries.  Moreover, OneWest argues Plaintiffs are not entitled to certify a class under Rule 23(b)(2) because their claims for damages predominate over claims for declaratory or injunctive relief.

As discussed with respect to the Rule 23(a) factors, Plaintiffs have not shown common conduct as to all class members in relation to loan origination because whether Indymac knowingly made loans without determining a borrower's ability to repay would require individual determinations on each loan.  Likewise, whether OneWest refused to negotiate modifications will be an individual determination, as it is undisputed that OneWest in fact has offered modifications to some Plaintiffs already.

However, the Court finds Subclass C is certifiable.  OneWest has acted common to the class when it seeks to foreclose and/or evict in Nevada state court while allegedly not registered to do business in the state and having no registered agent here.  As to this class, injunctive relief would predominate for a class of individuals who had not yet been foreclosed upon or evicted, but who were under threat of such litigation.  They would want to stop foreclose altogether, as real property is unique and damages may not remedy their harm.  For those like Benito who already have been evicted, money damages would be the only possible relief, and thus no class could be certified for injunctive relief for a class of already foreclosed/evicted borrowers.

/ / /

/ / /

## II.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs' Motion for Class Certification should be granted only as to proposed Subclass C.

At the close of the May 18 hearing the Court inquired of counsel whether efforts were ongoing to process loan modification applications when submitted by various Plaintiffs.  Counsel for OneWest advised they were, but noted it is a slow process dependent in part on each Plaintiff submitting a complete loan modification application with all necessary supporting documentation.

The Court concludes that the involvement of the Magistrate Judge assigned to this case, the Honorable Peggy A. Leen, may be helpful in bringing the parties together to streamline and expedite the process of submitting and considering loan modification applications from Plaintiffs in the action and future members of proposed Subclass C. Therefore, the Court will include in this Order a provision referring the case to Magistrate Judge Leen for such proceedings as she deems appropriate to assist the parties in this regard.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Class Certification (Doc. #16) is **GRANTED** to the limited extent that Plaintiffs' Proposed Subclass C is hereby Certified in accord with provisions of FRCP 23.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Class Certification (Doc. #16) is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that counsel for the parties shall forthwith meet and confer, and shall within thirty (30) days of the date of the this Order file with the Court a proposed Order for Notice of the Class Action certified herein in accord with FRCP 23(c).

**IT IS FURTHER ORDERED** that in accord with FRCP 23(g), Matthew Q. Callister, Esq., and Brooke A. Bohlke, Esq., of the Law Firm of Callister & Reynolds are hereby appointed as Plaintiffs' Class counsel for Certified Subclass C.

1

2

**IT IS FURTHER ORDERED** that within 30 days of the date of this Order, counsel for Plaintiffs shall designate new representative Plaintiffs for certified Subclass C.

3

4

5

6

**IT IS FURTHER ORDERED** that this case is referred to the Honorable Peggy A. Leen, United States Magistrate Judge for scheduling a hearing with counsel for the parties to this action within the next 60 days to address the progress of processing loan modification applications of Plaintiffs.

7

8

DATED:  May 21, 2010.

9

10

_____

PHILIP M. PRO
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26